FRANCES S. FISH v. FIRST NATIONAL BANK OF DETROIT.

*Indorsement guarantees prior indorsements—Notice of non-payment.*

An indorser admits that previous indorsements were duly made and warrants the title and genuineness of the paper he transfers; and he is not released if it appears that a previous indorsement is invalid.

One who receives negotiable paper need not look beyond the signa-
ture of the last indorser if he is satisfied that it is genuine, and
has no notice of facts that should put him on inquiry.

An indorser denied having received notice of non-payment, but did
not attach to the plea an affidavit of denial as required by Comp.
L., § 603. There was proof of demand, protest and the mail-
ing of notice, and notarial certificates were duly attached to
the protested paper. *Held* that there was no error in charging
that the notice was sufficient.

Error to St. Clair. Submitted Oct. 24. Decided Nov. 29.

Assumpsit. Defendant brings error.

*Whipple & Voorheis* for plaintiff in error. A joint
obligation of indorsers brings them within the rule gov-
erning joint debtors, 1 Pars. N. & B., 247; a release of
one releases all, *Tuttle v. Cooper*, 10 Pick., 281; *Robert-
son v. Smith*, 18 Johns., 459; *Reading v. Beardsley*, 41
Mich., 123; *Culver v. Leovy*, 19 La. Ann., 202.

*Geer & Williams* and *Brown & Farrand* for defendant
in error. Notice to an indorser of non-payment is suffi-
ciently shown if it is not denied by affidavit, and if there
is an undisputed showing that due notices of protest
were mailed seasonably, Comp. L., § 603; *Ogden v. Cowley*,
2 Johns., 274; *Miller v. Hackley*, 5 Johns., 375; *Renshaw
v. Triplett*, 23 Mo., 213; *Beale v. Parish*, 24 Barb., 243;
*Manchester Bank v. Fellows*, 28 N. H., 315; 1 Pars. N.
& B., 478; an indorsement of a promissory note is a
guaranty of the genuineness of the previous signatures
and of the capacity of the indorsers to contract, Story
Prom. Notes [3d ed.], § 135; Byles on Bills [6th ed.],
152; 2 Pars. N. & B., 25; 3 Kent's Com., 88, n 2; *Og-
den v. Blydenburgh*, 1 Hilt., 182; *Erwin v. Downs*, 15 N.
Y., 575; *Turnbull v. Bowyer*, 40 N. Y., 456; *Remsen v.
Graves*, 41 N. Y., 471; *Dalrymple v. Hillenbrand*, 62 N.
Y., 5; *Chambers v. Nat. Bank*, 78 Penn. St., 205; *Meacher
v. Fort*, 3 Hill (S. C.), 227.

Marston, J. This action was brought by the bank to

recover upon certain promissory notes made payable to the order of I. N. Jenness & Co. and Frances S. Fish, and indorsed by them. The indorsement of Mrs. Fish was under and made after that of I. N. Jenness & Co. The defense set up is that at the time' these notes were given and indorsed, the firm of I. N. Jenness & Co. was not in existence, because of the death of Henry Fish, one of the members thereof; that if Mrs. Fish is liable upon these notes, she is jointly liable with Isaac N. Jenness, and that if he is released because there was no such firm, then she is released also. These notes were given to the bank to take up other notes upon which the firm name of I. N. Jenness & Co. appeared, that firm having done business with the bank previous to the date of the paper in question.

An indorsement admits all prior indorsements to have been duly made. It is said the indorser warrants the title and genuineness of the paper he transfers, and that when sued' he cannot deny the existence, legality or validity of the contract which his indorsement put in circulation, for the purpose of defeating his own liability. Edwards on Bills and Notes, 289, 291.

This is strictly right. Parties dealing in such paper are not expected to be familiar with the signatures of the several indorsers. If satisfied that the last indorsement is genuine, they are not required to look beyond in the absence of a knowledge of such facts as would impute to them bad faith in case they did not. A person has no right to indorse paper, thereby making it negotiable, and offer it or permit it to be offered in the usual course of business, unless satisfied that the signatures previously appearing thereon are genuine. Mrs. Fish is not in a position in this case to escape liability upon the ground that the prior indorsement was invalid.

Mrs. Fish in her evidence denied having received notice of the non-payment of some of these notes. She did not annex to her plea an affidavit denying the fact of having received such notice, as required by the stat-

ute. 1 Comp. Laws, § 603. There was direct and positive evidence given on the trial by the notary, of demand made, protest and notice thereof regularly mailed to the defendant, and the usual notarial certificate was attached to each of the notes. The facts are undisputed, and we discover no error.

The judgment must be affirmed with costs.

The other Justices concurred.