THE FIRST NATIONAL BANK OF NEGAUNEE v. JAMES FREE-
MAN, WILLIAM L. WETMORE AND THE
MUNISING IRON CO.

*Partnership—Liability on indorsement—Notice of protest.*

Suit on a promissory note was brought against certain persons named Spear, Wetmore and Freeman "as co-partners doing business under the firm name of Propeller Ira Chaffee." The note was made payable to "Prop. Ira Chaffee," and was indorsed "Prop. Ira Chaffee, F. B. Spear, ma'g'r, F. B. Spear, W. L. Wetmore." Freeman alone defended, and he pleaded the general issue with an affidavit denying execution. There was evidence tending to show that he and the other defendants owned the propeller, and that the profits from it were shared in the ratio of their interests. *Held*, that in submitting the case the powers and duties of managing owner and the rights and liabilities of· the owners were immaterial, but that the case should be left with the jury with proper instructions dependent on finding a co-partnership in fact as the foundation of any right to recover.

Where persons are engaged as co-partners in the business of running a vessel, paper indorsed by any of them in the firm name, if received in the regular course of their business and made payable to the order of the firm, will bind the other partners

The sufficiency of a notice of protest will not be considered if the fact of having received notice has not been denied on oath by any defendant. Comp. L. § 603.

Error to Marquette.   Submitted October 26.   Decided January 11.

Assumpsit.   Plaintiff brings error.   Reversed.

*Dan. H. Ball* and *Wm. H. Wells* for plaintiff in error. Part owners of vessels may also be partners: *Campbell v. Mullett* 2 Swanst. 551; *Steamboat Swallow* Olcott Adm. 334; *Cox v. Delano* 3 Dev. (N. C. L.) 89; *Ward v. Thompson* 22 How. 330; *Hefferman v. Brenham* 1 La. Ann. 146; *Bulfinch v. Winchenbach* 3 Allen 161; *Whitman v. Porter* 107 Mass. 522; *Cooley v. Broad* 29 La. Ann. 345; *Ward v. Bodeman* 1 Mo. App. 272; *Bowas v. Pioneer Tow Line* 2 Sawy. 21; *Mumford v. Nicoll* 20 Johns. 611: 4 Johns. Ch. 522; 1 Lindley on Partnership 67; a part owner of a boat is liable for the whole indebtedness incurred in the regular course of its business: *Robinson v. Stuart*, 68 Me. 61; 1 Pars. Mar. Law 89; persons associated in the use of joint property and sharing the profits and losses are partners: *Sager v. Tupper* 38 Mich. 258; *Sheehan v. Dalrymple* 19 Mich. 239; *McCrary v. Slaughter* 58 Ala. 230; *Moore v. Huntington* 14 N. Y. Sup. Ct. 425.

*E. J. Mapes* for defendants in error.   The law of partnership does not apply to part owners of vessels: 2 Pars. Cont. § 266; *Harding v. Foxcroft* 6 Greenl. 76; Flanders on Shipping § 364; part owners in ships are not partners, but only tenants in common: Abbott on Shipping 124.

Marston, J.   This was an action of *assumpsit* brought to recover upon a promissory note for $1000 given by the Munising Iron Company, and made payable to the order of Prop. Ira Chaffee, and endorsed Prop. Ira Chaffee, F. B. Spear, manager, F. B. Spear and W. L. Wetmore. Spear, Wetmore and James Freeman were declared against " as co-partners doing business under the firm name of Propeller Ira Chaffee."

Freeman defended, putting in a plea of the general issue with an affidavit denying the execution of the instrument.

On the trial evidence was introduced tending to show that defendants Spear, Wetmore and Freeman were owners of the propeller, and were engaged and interested in running said steamer, and that the profits realized by them and losses incurred in running the boat were to be shared by them in proportion to their respective interests in said boat. There was some other evidence introduced tending to show that these parties were partners in the business of running the vessel, and this was denied by some of the defendants. There was also testimony tending to show that Spear was, and had acted as, business manager and general manager of the boat during the years 1875, '6 and '7, and that during the years 1875 and '6 the boat was running between Marquette and Grand Island carrying freight and passengers.

The note in suit was given by the Munising Iron Company to take up a previous like note, originally given to the propeller in payment for freight and supplies, and which had been negotiated to carry on the business of running the boat.

It seems to me that this case was not submitted to the jury upon the proper theory under the pleadings and evidence in the case, nor did counsel for the plaintiffs make any request that it should be so submitted.

The defendant Freeman was sued as a co-partner, a member of a firm doing business under the firm name of Propeller Ira Chaffee, upon an endorsement made by a member of that firm, in the firm name, upon paper received by the firm in the usual and regular course of the co-partnership business, and for the purpose of carrying on such business. What the powers and duties of a managing owner of a vessel, or the rights and liabilities of the owners thereof, as such, might be, were wholly immaterial, not being in issue.

The case should have been submitted to the jury with proper instructions, dependent upon their finding a co-partnership in fact, as a foundation for any right of the plaintiff

to recover. There was evidence tending to show the existence of such a business relation, and the proper weight thereof was for the jury. If the parties were engaged as co-partners in the business of running the vessel, there could be no doubt, we suppose, but that paper received in the regular course of the business, payable to the order of the firm, might be endorsed by any member thereof in the firm name so as to bind the other members thereby.

A question was raised on the trial regarding the sufficiency of the notice of protest. None of the defendants denied by affidavit annexed to their plea the fact of having received such a notice. 1 Comp. L. § 603 ; *Fish v. First Nat. Bank* 42 Mich. 203. As to the sufficiency of notice see also *Cromer v. Platt* 37 Mich. 132, and cases cited.

The judgment will be reversed with costs and a new trial ordered.

The other Justices concurred.