Markman, J. (dissenting).
 

 The issue here is remarkably straightforward: whether certain drywall lying stationary on a road can properly be said to have "hit" a moving insured motor vehicle, thereby entitling plaintiff to uninsured motorist coverage. The Court of Appeals majority concluded that, while the moving
 vehicle "hit" the stationary drywall, the stationary drywall did not "hit" the moving vehicle and therefore plaintiff is not entitled to coverage. This conclusion makes sense, as it would be highly unorthodox in common parlance for a speaker of the American-English language to observe that a stationary object had "hit" a moving object. To take just one example, one would not ordinarily declare during a game of pick-up baseball that a window in a nearby home had "hit" a stray baseball. Rather, one would declare that the ball had "hit" the window. See
 
 Merriam-Webster's Collegiate Dictionary
 
 (11th ed.) (defining "hit" as "to come in contact with <
 
 the ball
 
 [
 
 hit
 
 ]
 
 the window
 
 >") (emphasis added). The majority reverses the Court of Appeals and effectively holds that, as a matter of law, a stationary object can be fairly described as having hit a moving object. Because I do not believe that any reasonable speaker of our language would concur with this analysis and contend that the stationary drywall here "hit" the moving vehicle, I respectfully dissent from this Court's order reversing the decision of the Court of Appeals.
 

 The insurance policy at issue provides coverage for an injury caused by an "uninsured motor vehicle" and further provides that an "uninsured motor vehicle" encompasses a vehicle
 

 that is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must hit, or cause an object to hit, an "insured", a covered "auto", or a vehicle an "insured" is "occupying". If there is no direct physical contact with the hit-and-run vehicle, the facts of the "accident" must be corroborated by competent evidence, other than the testimony of any person having a claim under this or any similar insurance as the result of such "accident".
 

 Thus, the first sentence provides for coverage only if: (a) an accident is caused by a "hit-and-run vehicle," and (b) "neither the driver nor owner can be identified." The second sentence adds that the insured is only entitled to coverage if
 
 either
 
 : (a) the hit-and-run vehicle "hits" the insured vehicle,
 
 or
 
 (b) the hit-and-run vehicle "causes an object to hit" the insured vehicle. Finally, the third sentence provides a heightened evidentiary burden for claims as to which "there is no direct physical contact with the hit-and-run vehicle ...." For such claims, "the facts of the 'accident' must be corroborated by competent evidence, other than the testimony of any person having a claim under this or any similar insurance as the result of such 'accident'." To summarize, the first and second sentences provide the prerequisites for coverage under the contractual provision, while the third sentence establishes a heightened evidentiary burden for a particular class of claims under the provision.
 

 Plaintiff does not allege that the unidentified vehicle itself "hit" the insured vehicle. Thus, the question is simply whether the unidentified vehicle "cause[d] an object to hit" the insured vehicle where the drywall fell out of the unidentified vehicle onto the road and the insured vehicle struck it moments later, when the drywall was lying stationary on the road.
 
 [5]
 
 In other words,
 the question is whether the stationary drywall "hit" the moving vehicle. As this Court has long recognized, terms in a contract "must be interpreted by common sense and common usage, unless some special reason exists to the contrary in a given case."
 
 Burkam v. Trowbridge
 
 ,
 
 9 Mich. 209
 
 , 210-211 (1861). Any speaker of English would recognize that it is principally the moving object that "hits" the stationary one; stationary objects can be hit
 
 by
 
 something else, but they do not themselves do the hitting. Once again, the window does not
 
 hit
 
 the ball, just as the nail does not
 
 hit
 
 the hammer, the golf ball does not
 
 hit
 
 the golf club, the nose does not
 
 hit
 
 the fist, and the fire hydrant does not
 
 hit
 
 the vehicle careening into it. As the Court of Appeals majority aptly noted:
 

 [T]he relevant policy language reflects a clear distinction between the direct object and the indirect object. Coverage is available under the policy only if the subject of the sentence (the "vehicle," meaning the hit-and-run vehicle), caused the direct object ("an object") to hit the indirect object ("an 'insured', a covered 'auto' or a vehicle an 'insured' is 'occupying' "). The order of the words in this sentence is grammatically distinct from the language that would be used to describe circumstances in which the hit-and-run vehicle caused the insured to hit an object. Interpreting the language at issue in a manner that would include those circumstances would require a "forced or constrained construction," which should be avoided. [
 
 Drouillard
 
 ,
 
 323 Mich. App. at 221-222
 
 ,
 
 916 N.W.2d 844
 
 .]
 

 This commonsense understanding of the term "hit" is supported by empirical data from the Corpus of Contemporary American English (COCA). While this data is not without its limitations, this Court has recognized it as a tool to "analyze[ ] ordinary meaning through a method that is quantifiable and verifiable."
 
 People v. Harris
 
 ,
 
 499 Mich. 332
 
 , 347,
 
 885 N.W.2d 832
 
 (2016) (quotation marks and citation omitted). COCA enables users to search more than 560 million words spread evenly across 1990-2017 to discover linguistic patterns and exercises of common usage. Its remarkably comprehensive database includes transcripts of live television broadcasts, newspapers, magazines, academic journals, and fiction. Davies, Corpus of Contemporary American English < https://www.english-corpora.org/coca/> (accessed June 25, 2019) [https://perma.cc/Y7KA-SHK3]. Of the 1,895 relevant excerpts in COCA in which the word "hit" (employed as a verb) is collocated within four words of objects that are generally stationary (a wall, a fence, a guardrail, a nail, a curb, a post, a mailbox, a floor, the ground),
 
 [6]
 
 there are
 only thirteen excerpts at the most--approximately .68% of all relevant excerpts--that could even arguably be interpreted as communicating that a stationary object can "hit" something else.
 
 [7]
 
 The remaining 1,882 excerpts--approximately 99.3% of all relevant excerpts--describe the stationary object as being "hit" by something else, not as doing the "hitting." These data reinforce what I believe is already a commonly understood proposition: in common American-English parlance, the moving object "hits" the stationary object; the stationary object does not "hit" the moving object.
 

 The majority rejects this reasoning, concluding that because the word "hit" can be defined as "come in contact with," and the drywall "c[a]me in contact with" the insured vehicle, the drywall thus "hit" the insured vehicle and plaintiff is entitled to coverage.
 
 Merriam-Webster's Collegiate Dictionary
 
 (11th ed.) (defining "hit" as "to come in contact with < the ball [
 
 hit
 
 ] the window>"). However, this understanding of "hit" is hardly contrary to the common understanding explained above. The majority seems to presume that the phrase "come in contact with" itself does not require movement or the terminus of a process, but simply identifies an occurrence, i.e., that to "come in contact with" signifies one item contacting another, regardless of which item had been "moving" when the contact occurred. But definitions of the word "come" and "in" indicate that only a moving object actually "hits" another. The first two definitions of the word "come" in the same dictionary employed by the majority require motion.
 

 Id.
 

 ("to move toward something: approach < [
 
 come
 
 ] here>"; "to move or journey to a vicinity with a specified purpose < [
 
 come
 
 ] see us> < [
 
 come
 
 ] and see what's going on>"). Moreover, "in" can be defined as the equivalent of the first definition of "into," which is "a function word to indicate entry, introduction, insertion, superposition, or inclusion < came [
 
 into
 
 ] the house>."
 

 Id.
 

 These definitions strongly suggest that an object only "come[s] in contact with" another if the contact is the product of that object
 
 moving
 
 to contact the other.
 
 [8]
 

 Admittedly, some of the dictionary definitions of "in" and "come" in
 
 Merriam-Webster's Collegiate Dictionary
 
 could be pasted together in a manner that sustains the majority's position, i.e., that a stationary object can "hit" a moving object. However, other definitions (as well as a reasonable understanding of actual use of the English language) are compatible with
 defendant's conclusion, i.e., that only a moving object "hits" another object. Additionally, the sentence provided with the dictionary definition cited by the majority--"the ball hit the window"--supports defendant's understanding. It appears clear that in this example the object doing the hitting--the ball--is in motion while the object being hit--the window--is stationary. The stationary window is not hitting the moving ball, the moving ball is hitting the stationary window. Thus, the majority's dictionary definitions, far from contradicting defendant's position, affirmatively support that position.
 

 Moreover, as this Court has recognized, "the dictionary should be seen as a tool to facilitate [legal] judgments, not conclusively resolve linguistic questions.... The dictionary is but one data point; it guides our analysis, but it does not by itself settle it."
 
 In re Estate of Erwin
 
 ,
 
 503 Mich. 1
 
 , 19-20, 21,
 
 921 N.W.2d 308
 
 (2018). Reference to dictionary definitions is valuable precisely because it provides
 
 evidence
 
 as to a term's common usage.
 
 People v. Morey
 
 ,
 
 461 Mich. 325
 
 , 330,
 
 603 N.W.2d 250
 
 (1999) ("[W]e may turn to dictionary definitions to aid our goal of construing those terms in accordance with their ordinary and generally accepted meanings.") In other words, a dictionary can help this Court
 
 determine
 
 a term's common usage, but a dictionary cannot
 
 supplant
 
 or
 
 nullify
 
 a term's common usage. See
 
 Henderson v. State Farm Fire & Cas. Co.
 
 ,
 
 460 Mich. 348
 
 , 356,
 
 596 N.W.2d 190
 
 (1999) (holding that when interpreting a contractual provision, this Court must "determine what the phrase conveys to those familiar with our language and its contemporary usage," which may not be completely reflected in dictionary definitions). At the very least, when dictionary definitions might conceivably support either of the two proffered interpretations (and even this is a highly favorable conclusion to the majority in the present circumstance), this Court is bound to apply the interpretation that is
 
 most
 
 consistent with common usage.
 

 The majority fails entirely to explain why its preferred definition of "hit" is more consistent with common usage than the understanding that only a moving object can "hit" another object. The majority's only support for this holding is grounded in defendant's concession as to an issue that is entirely extraneous to the issue in this case.
 
 [9]
 
 Specifically, the majority argues that because defendant concedes that when an accident involves two moving vehicles it does not matter which vehicle does the "hitting," and the term "hit" should be interpreted consistently throughout different parts of the insurance policy, it stands to reason that it is irrelevant whether the object "hit" the vehicle or vice versa. I agree with the majority that as a general proposition identical terms in an insurance contract should be
 interpreted consistently. However, the issue here is the distinct one of whether the stationary drywall "hit" the moving vehicle, and defendant did not concede that a stationary vehicle can "hit" a moving vehicle, but only that it was irrelevant
 
 which
 
 of two moving vehicles did the "hitting." Thus, I fail to see how this concession supports the majority's conclusion that a stationary object can hit a moving object.
 

 Moreover, even if this Court could somehow conclude that defendant had conceded that a stationary vehicle can "hit" a moving vehicle, how and why should this concession affect the interpretation of the relevant contractual term? Neither party contends that two vehicles here contacted each other, and therefore neither briefed the appropriate definition of the word "hit" in relation to collisions between multiple vehicles.
 
 [10]
 
 However, defendant clearly argues that the drywall did not "hit" the insured vehicle because the drywall was lying stationary on the road. Assuming that defendant wrongly presumes that the term "hit" has a different meaning when applied to physical contact between multiple vehicles than it does when applied to physical contact between a vehicle and a stationary object, that does not mean as a result that defendant is incorrect in arguing that a "hitting" object must be in motion. In other words, even if defendant wrongly argued that the common usage of "hit" applies only in the context of one provision, when it should for the sake of consistency apply in the other context as well, defendant remains correct in its reasoning as it applies to
 
 this
 
 case. I would decline to employ the majority's attenuated reasoning, especially when the result of this reasoning is plainly to misinterpret the unambiguous contractual provision at issue.
 

 In conclusion, the proper disposition of this case turns on one specific issue: whether the stationary drywall can properly be said to have "hit" the moving insured motor vehicle. It is reasonably clear to most speakers of American English that a stationary object does not "hit" a moving object, i.e., that the window does not "hit" the ball. This understanding is fully consistent with the dictionaries utilized by the majority in support of its contrary conclusion, as these indicate that only a moving object can "hit" another object. Because the parties concede that the drywall was altogether stationary when the accident occurred, the unidentified vehicle did not cause an object to "hit" the insured vehicle and therefore plaintiff is not entitled to coverage under the policy. Plaintiff argues that it is "senseless" to base coverage under the policy on whether an object was stationary or in motion when it contacted the insured vehicle. However "senseless" one might find this distinction, it is this Court's responsibility to enforce contractual provisions, not to rewrite them in a manner that is consistent with the Court's own sense of fairness and to further erode what should be a disciplined and faithful process by which this Court gives meaning to disputed contracts.
 

 Zahra, J., joins the statement of Markman, J.
 

 Judge Tukel 's concurrence in the Court of Appeals raises a substantial argument that a "hit-and-run vehicle" is one in which a driver of a vehicle hits another vehicle, recognizes that he has hit that other vehicle, and then runs immediately thereafter in order to flee the scene of the accident. See
 
 Drouillard v. American Alternative Ins. Corp.
 
 ,
 
 323 Mich. App. 212
 
 , 223-229,
 
 916 N.W.2d 844
 
 (2018) ( Tukel , J., concurring). However, the proper interpretation of a "hit-and-run vehicle" need not be addressed in this case, as I agree with the unanimous conclusion of the Court of Appeals (including Judge Tukel himself) that even if this interpretation of a "hit-and-run vehicle" is correct, there remains a question of fact as to whether the driver of the unidentified vehicle was cognizant of the accident prior to leaving the scene. Accordingly, plaintiff is not, as a matter of law, precluded from coverage on this basis.
 

 The number of excerpts in COCA in which the verb "hit" appears within four words to the right or the left of the relevant search term (used as a noun) for each term, in order from the most to the fewest number of excerpts, is: ground (1,174), wall (637), floor (549), nail (207), fence (48), post (44), curb (25), guardrail (12), and mailbox (10). Because of the high volume of results for the search involving the words "hit" and "ground," I analyzed only an entirely randomly selected 500-excerpt sample for this opinion. For the other search terms, I analyzed every excerpt in the database. Of the 2,032 excerpts I analyzed, 137 of them, for various reasons, did not support either party's position. For example, in the search for the words "hit" and "post," there were excerpts in which the word "hit" was within four words of "The Washington Post." Because the word "hit" was used in conjunction with a proper noun rather than a stationary object, these excerpts did not assist in determining whether the stationary object does or does not "hit" the moving object in ordinary usage. Additionally, there were some excerpts in which "hit" and the search term appeared in different sentences and therefore there was no relationship between "hit" and the search term to analyze.
 

 Of the thirteen excerpts that could arguably support the majority's conclusion, four of these compare something moving as hitting something else "like a wall," for example, "the howling rush of air hit like a wall." While the fact that something moving is described as "hitting" something "like a wall" arguably suggests that a stationary wall can "hit" something, this is dubious support for the conclusion that a stationary wall "hits" something else. Rather, this phrase appears to be an essentially literary or metaphorical device whereby emphasis is given to the proposition that something being hit by a moving object with sufficient force has
 
 effectively
 
 hit the moving object.
 

 The majority also cites
 
 Merriam-Webster's Dictionary and Thesaurus
 
 (2007), which defines "hit" as "to make or bring into contact: collide ." However, this definition is also not necessarily inconsistent with common understandings, given that the word "collide" is defined as "to come together with solid impact" and "come" is defined, in part, as "to move toward something: approach ."
 

 Id.
 

 Thus, this definition also contributes little to the majority's argument, as it also requires the hitting object to be in motion at the time the physical contact occurs.
 

 The majority rightly declines to endorse plaintiff's argument that the phrase "direct physical contact" in the third sentence of the relevant provision compels the conclusion that "hit" as used in this policy is synonymous with "direct physical contact." As discussed above, the third sentence merely heightens a claimant's
 
 evidentiary
 
 burden for a particular class of claims under the provision; it does not define the threshold circumstances under which a party is entitled to coverage under the policy. In other words, the third sentence defines what quantum of evidence must be provided to demonstrate the occurrence of a situation entitling a claimant to coverage under the policy but does not define the circumstances under which that claimant is entitled to coverage. Accordingly, the third sentence cannot reasonably be understood to define the term "hit" as used in the preceding sentence. While parties to a contract are certainly free to define a contractual term in whatever esoteric manner they desire, the instant provision here does not do so, and therefore we must define the term "hit" consistently with common usage.
 

 This issue appears to have been raised for the first time in an amicus brief filed by the Michigan Association for Justice five days before oral argument.